# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BELWITH PRODUCTS, LLC,

          Plaintiff,

v.

LAUREY CABINET HARDWARE
a division of STRATEGIC BRANDS, INC.,

          Defendants.

Hon. Paul L. Maloney
Magistrate Joseph G. Scoville

Case No. 1:10-cv-898

## STIPULATED CONSENT JUDGMENT AND ORDER

WHEREAS, the parties have settled this matter pursuant to a Settlement Agreement ("Agreement"), the terms of the Agreement providing for the substance of this Judgment and Order, and the Court being otherwise fully advised in the premises;

WHEREAS, Belwith Products, LCC ("Belwith") owns all right, title and interest in and to any rights in intellectual property granted by the United States under Copyright Law, Trademark Law, Patent Law, or owned by Belwith under the common law of any state embodied in Belwith's products numbered

    1.    P7525 (all finishes)

    2.    P7526 (all finishes)

    3.    P7527 (all finishes)

    4.    PA1322 (all finishes)

Including, but not limited to:

- Patent USD 451, 782

- Copyright Registration VA 1-738-103

(collectively, the "Belwith Intellectual Property Rights") obtained in pursuance of its hardware business.

WHEREAS, Laurey Cabinet Hardware, a division of Strategic Brands, Inc. ("Laurey") has offered for sale certain products under its Falling Waters and Birdcage Cup Pull line of products identified as Laurey product numbers:

1. 72206 (all finishes)
2. 72306 (all finishes)
3. 72406 (all finishes)
4. 50006 (all finishes)
5. 50019 (all finishes)
6. 50039 (all finishes)

(together "Infringing Products").

WHEREAS, Laurey acknowledges that for purposes of the settlement of this action, the Belwith Intellectual Property Rights are valid, and that it possesses no information that the Belwith Intellectual Property Rights are in any way not fully enforceable under the Copyright and Patent laws of the United States. Laurey acknowledges that it has infringed the Belwith Intellectual Property Rights under the Copyright and Patent laws of the United States by selling the Infringing Products. Laurey acknowledges that it failed to take reasonably sufficient steps to verify the existence and ownership of the Belwith Intellectual Property Rights infringed by the Infringing Products before purchasing, marketing or selling the Infringing Products;

**JUDGMENT IS HEREBY GRANTED** for Belwith on its claims that Laurey violated Belwith's rights under the Copyright and Patent laws of the United States. For as long as Laurey complies with the obligations set forth in the Agreement and imposed under this Judgment and Order, monetary damages shall not be entered except in accordance with the terms of this Judgment and Order or the Agreement.

It is **ORDERED** that Laurey shall cease and desist from selling, or otherwise distributing, all products that infringe on the Belwith Intellectual Property Rights.

It is **FURTHER ORDERED** that Laurey shall deliver to Belwith or its agents all existing stock of any Infringing Products no later than 30 days after entry of this Judgment and Order. Belwith shall donate all stock of any Infringing Products received from Laurey to charity, and shall provide Laurey with an affidavit certifying that this has been done.

It is **FURTHER ORDERED** that Laurey shall deliver to Belwith all information and documents relating to currently outstanding orders for the Infringing Products within 5 days of the effective date of the Agreement. If Laurey receives any orders for the Infringing Products after the effective date of the Agreement, it shall deliver all orders for Infringing Products to Belwith, and all information and documents relating to those orders within 10 business days of Laurey receiving them. Laurey has represented that its third party software for taking orders electronically will automatically reject orders for non-existent or discontinued product numbers, that this cannot be changed without modifying or changing its software, and that the product numbers for the Infringing Products have been discontinued. Based on these representations, such automatically rejected orders will not be considered received by Laurey. Under this section Laurey is only obligated to provide information and documents that relate to the Infringing

Products, sale/purchase of the Infringing Products, contact information/identity of the customer placing the order, or other information and documents necessary to fulfill an order.

It is **FURTHER ORDERED** that Laurey shall also deliver to Belwith, the names, addresses, and other available information requested by Belwith relating to the three largest customers to which Laurey has previously sold the Infringing Products. Laurey's three largest customers shall be determined based on total dollar value of sales of the Infringing Products within the last three years. Under this section Laurey is only obligated to provide information that relates to the Infringing Products, sale/purchase of the Infringing Products, or the contact information/identity of the aforementioned three largest customers.

It is **FURTHER ORDERED** that if Laurey receives subsequent deliveries of any of the Infringing Products, Laurey shall deliver such additional Infringing Products stock to Belwith, within 30 days of receipt. Payment for any such subsequent deliveries remain solely the obligation of Laurey.

It is **FURTHER ORDERED** that Laurey shall not violate the Belwith Intellectual Property Rights, inclusive of those rights set forth herein but not limited thereto, and any other intellectual property that Belwith now possesses or may obtain, in the future. Should Laurey have any questions regarding any products that Laurey plans to import and/or sell, Laurey shall refer any such question to Belwith for a determination of whether the products are covered by the Belwith Intellectual Property Rights.

It is **FURTHER ORDERED** that Laurey shall, provide the names, addresses, contact identity and all other available information requested by Belwith concerning the source(s) from which it obtained the Infringing Products, and turn over all information and documentation relating to its purchase of the Infringing Products and the source(s) for the

Infringing Products. Laurey shall continue to take all reasonable actions to cooperate with Belwith in its investigation of any suppliers of the Infringing Products. As used in this section, source(s) shall include all sources through which the Infringing Products flowed prior to entering Laurey's possession or ownership, including but not limited to, any distributors, brokers, or wholesalers, and the initial manufacturer. Under this section Laurey is only obligated to provide information and documents that relate to the Infringing Products, sale/purchase of the Infringing Products, or the identity/contact information for the source(s) of the Infringing Products.

It is **FURTHER ORDERED** that all expenses incurred by Laurey in connection with an obligation under the Agreement, including but not limited to, expenses incurred in delivering stock of the Infringing Products to Belwith or providing documents related to the purchase of the Infringing Products, are solely the obligation of Laurey.

It is **FURTHER ORDERED** that Laurey shall pay, by check made payable to Belwith Products, LLC, the sum of $2,500.00 in partial payment of Belwith's attorney fees incurred in reaching the Agreement.

It is **FURTHER ORDERED** that Laurey's counterclaim against Belwith is dismissed pursuant to Fed. R. Civ. P. 41(a)(1) and 41(c), and, such claim is released in accordance with the terms of the Agreement.

The failure of any party to insist upon strict adherence to any term of this Judgment and Order on any occasion shall not be considered a waiver nor deprive that party of the right hereafter to insist upon strict adherence to that term or any term of this Judgment and Order. Any waiver must be in writing.

Nothing in this Judgment and Order shall be construed as prejudicing Belwith's right to bring an action for any future violation of the Belwith Intellectual Property rights.

This is a final judgment that resolves all outstanding claims. This Court retains jurisdiction to adjudicate: (1) any further acts of infringement by Laurey; (2) any request for an award of monetary damages should circumstances provide for them under the terms of the Agreement; and (3) any other dispute arising out of, or in connection with, the Agreement or this Order and Judgment.

**IT IS SO ORDERED**

/s/ Paul L. Maloney
Paul L. Maloney
District Court Judge

Dated: December 29, 2010